[No. 1874, July 27, 1916.]
STAMM v. SOUTHWESTERN PRESBYTERIAN SANATORIUM et al.

[Rehearing Denied, September 9, 1916.]
SYLLABUS BY THE COURT.
A chancery court cannot pass upon the right of a municipal corporation to acquire and hold lands outside of its territorial limits.

Appeal from District Court, Bernalillo County; Mechem, Judge.

Action by M. P. Stamm against the Southwestern Presbyterian Sanatorium, a corporation, and the City of Albuquerque. From a judgment dismissing the action, plaintiff appeals. Affirmed.

E. W. DOBSON, H. C. MILLER and RODEY & RODEY, all of Albuquerque, for appellant.

Proceedings may be instituted by private individuals, where gist of action is private injury, by way of injunction to vindicate rights of public against encroachment by individuals.

Smith v. McDowell, citing McDonald v. English, 85 Ill. 232; East St. Louis v. O'Flinn, 119 Ill. 200, 59 Am. Rep. 785; see also in particular the case of Murdocks Case, 20 Am. Dec. 381.

McFie, Edwards & McFie of Santa Fé and Gallup and Thos N. Wilkerson of Albuquerque, for appellees; A. B. McMillen of Albuquerque, of counsel.

Plaintiff seeks to recover damages, and he has no standing in court in this action. No irreparable injury is shown, nor lack of proper remedy at law.

Board, etc., v. Inhabitants of Trenton, 63 Atl. 897; Chambers v. City of St. Louis, 29 Mo. 574, and cases cited therein; Haffner v. St. Louis, 161 Mo. 34; 3 Dillon Municipal Corps. (5th ed.) sec. 990; Marine Ins. Co. v. St. L., I. M. & S. Ry. Co., 41 Fed. 642; Cleveland, etc., Co. v. Dunn, 64 Ill. App. 227; Marina v. Graham, 67 Cal. 130.

### STATEMENT OF FACTS.

The plaintiff in the district court, who is appellant here, instituted this action in the district court of Bernalillo county against the appellees, seeking a mandatory injunction against the Southwestern Presbyterian Sanatorium, to restrain it from continuing the construction of a certain building alleged to be in the course of erection in a certain street known as Mulberry street, in the city of Albuquerque, and requiring the said sanatorium to remove the building as an obstruction in said street, and further seeking to enjoin the city of Albuquerque and its officers from issuing any permit or license to the sanatorium to use said Mulberry street for private purposes, or for the erection of any building or obstruction thereon. The facts upon which the injunction was sought are, briefly, as follows:

The plaintiff alleges that he is the owner of certain lots fronting on said Mulberry street, all of said lots being situate in the Terrace addition to the city of Albuquerque; that said Mulberry street had been by the owners of said addition dedicated as a public street; that at the time of the purchase by plaintiff of said lots, the said Mulberry street was open for public use and travel; that prior to August 21, 1901, the eastern boundary of the city of Albuquerque in this vicinity was the east line of

Mulberry street; that the sanatorium had commenced at the time the complaint was filed, and was then engaged in, the construction of a building upon said Mulberry street between Gold and Central avenues, which building extended 48 feet into the street, by reason whereof the public was prevented from using said street for the purpose for which it was dedicated, and the construction of said building constituted a nuisance; that plaintiff had suffered special damages by reason of the obstruction of said street; and that his property will be permanently damaged and depreciated if the building or obstruction is permitted to remain.

The Southwestern Presbyterian Sanatorium answered the complaint, admitting that it was engaged in the construction of the building upon what had formerly been Mulberry street between Gold and Central avenues, but denying that the same was an obstruction, or that the public is prevented from using Mulberry street for the purpose for which it was dedicated, and further denying that the same would constitute a nuisance, and further set up that at the junction between Mulberry street and Central avenue there was a jog of 48 feet in said Mulberry street, so that, instead of crossing Central avenue on a straight line, said Mulberry street on the south side of Central avenue lay 48 feet to the west of the line of said street on the north side of said Central avenue; that this defendant owned the lots lying in the direct line of Mulberry street as the same had been planned, and in order to straighten said Mulberry street, this defendant offered to exchange with the city of Albuquerque 48 feet of the lots lying just east of Mulberry street for 48 feet of Mulberry street, as platted, which exchange was duly made, the defendant entering into possession of that portion of Mulberry street conveyed to it by the city of Albuquerque, and subsequently making valuable improvements thereon, expending a large sum of money, to-wit, the sum of $12,000, in the erection of a brick building with stone foundation, which cannot be removed without tearing the same down. This defendant further alleged by its answer that Mulberry street had never been opened

and worked as a street south of Central avenue, but existed only on paper and as platted as one of the streets of Terrace addition, and further denied that plaintiff had been injured or damaged by its action.

The cause was referred to a referee and considerable testimony was taken, upon which the court made certain findings of fact and conclusions of law, which, so far as we need to consider them, supported the allegations of the Southwestern Presbyterian Sanatorium.

An answer was also filed by the city of Albuquerque, which admitted the dedication of the street in question as a public street, and set up that the defendant is an incorporated city under the laws of New Mexico, and vested with power to lay out, establish, open, alter, widen, or extend its streets, and, finding it necessary for the convenience of the city to straighten said Mulberry street at the point in question for that purpose exchanged with the Southwestern Presbyterian Sanitorium 48 feet, formerly constituting Mulberry street for 48 feet of adjoining property owned by the Southwestern Presbyterian Sanatorium lying just east of said street. The answer also alleged that the said street had never been opened and worked as a street between Gold and Central avenues, and could not be traveled as a public highway until the same had been leveled and worked as such, but that when so straightened by the said city of Albuquerque, and leveled and worked as a street the same will be, as this defendant believes, more convenient and answer all purposes of the public. This defendant further denied that plaintiff had been injured or damaged by the action of the city.

The court dismissed the case upon the ground that plaintiff had no cause of action in equity against the defendants, from which decree this appeal was prayed and granted.

## OPINION OF THE COURT.

HANNA, J. (After stating the facts as above.)—There are numerous assignments of error predicated upon alleged error in the trial court in refusing to grant a tem-

porary injunction, a mandatory injunction, and in refusing to make numerous findings of fact and conclusions of law, which were tendered to the trial court and by it refused.

It is only necessary to determine whether the plaintiff was entitled to equitable relief against the defendants, the trial court holding against the right to such relief. Based upon the essential facts of the case, it would seem to be clear that plaintiff was not entitled to the relief sought, and the district court was not in error in denying the injunction applied for.

Aside from the question of damages or injury to plaintiff, concerning which the record is almost silent and which seem to be based only upon a conclusion of the plaintiff, it would seem clear that plaintiff could not have been materially damaged, in that it is undisputed and clearly borne out by the record that this street had never been opened in point of fact, but had existence only upon the plat of the Terrace addition. Neither is there any contention that the street was the only means of ingress and egress to and from the property of plaintiff, nor does it appear that the plaintiff would be irreparably injured, or that he could not be compensated by a money judgment, but, on the contrary, by his prayer for relief he asked that an account be taken in order that his damage might be ascertained.

The only pleadings in the record are the complaint and the two answers of the defendants, which answers contain certain material allegations which are undenied; no reply thereto having been filed.

The facts thus established are as follows: That Albuquerque is an incorporated city, possessed of the power to lay out, establish, open, alter, widen, and extend the streets of the city; that the city council found it necessary, in order to facilitate traffic, to straighten said Mulberry street from Central avenue to Gold avenue; that in order to straighten said street it exchanged, by proper deeds with the defendant sanatorium, the 48 feet of land immediately east thereof, which said deeds affecting said exchange were duly accepted by the respective parties

thereto; that said exchange of lots was made in good faith; that the original Mulberry street had never been opened and worked as a street between Central and Gold avenues, and had existence only on paper, and had never been traveled by the public, and could not have been used as a highway until leveled, and as straightened the said Mulberry street, when leveled, will be more convenient to the public, serving the adjoining and abutting lot owners and the public as well as the original street location.

Bearing these uncontradicted facts in mind as established by the pleadings, we turn to the consideration of the action of the trial court in dismissing the complaint upon the ground that plaintiff was not entitled to equitable relief. In meeting this contention, the appellant first sets up that a municipal corporation has no authority to receive the conveyance of lands or real estate beyond its boundaries for the purpose of a street; an attempt to do so being ultra vires and void. Appellees, while not admitting the alleged ultra vires character of the action in question, contend that, even though the city did not have such power, the trial court as a court of equity could not properly pass upon the question in the present form of action, and the plaintiff was without standing in court. In this contention we are disposed to agree with appellees. In the case of Board of Health v. Inhabitants of the City of Trenton, 63 Atl. 897, the Court of Chancery (N. J.) said:

"The right of a municipality to hold the title to lands beyond its limits is cognizable at law, and involves no equitable principle."

—therefore holding that, in the absence of proof that the use of the proposed hospital would create a nuisance, the court cannot restrain its •erection and use simply because the city of Trenton has exceeded its municipal powers in the purchase of the land, because redress for that wrong must be sought in another forum.

We understand appellant to contend that the case under consideration is to be distinguished from the New

Jersey case because the building here sought to be enjoined would constitute a nuisance, in that it is erected in the street in question, and is therefore a nuisance per se which could not be licensed by any act of the city council. This contention, however, as we view it, presupposes either that the city was without authority to alter or change Mulberry street—and this fact appellant has admitted by failing to deny the alleged right said to be possessed by the city—or that, because the city has acquired property, said to be outside of the city limits, and the attempt so to acquire being an ultra vires act, it can be properly urged in this proceeding. The first contention not being available, we are left to the consideration of the second; and, as pointed out in the New Jersey case, whether or not the act be ultra vires is purely a question of law, and, being such, does not afford an adequate ground for equitable relief. In other words, as stated in the syllabi of the New Jersey case:

"A chancery court cannot pass upon the right of a municipal corporation to acquire and hold lands outside of its territorial limits."

We are not unmindful of the fact that the appellant argues that the question under consideration is not the right to acquire, but the right to alienate. We do not consider this contention material, however, by reason of the fact that in this particular case the right to alienate would seem to be dependent upon the right to acquire. If the city, in other words, can acquire the land for the purpose of straightening or altering the street in question, it can properly alienate the tract which it has attempted to alienate, because in doing so it would preserve a street and would only be changing or altering the same, and therefore would not do violence to that well-established general principle that a municipal corporation cannot dispose of property of a public nature in violation of the trust upon which it is held, the trust in this case being to maintain the street as dedicated for public use; but so long as the street is maintained at this place for such uses, and, the condition is only one of

alteration or change, the attack would necessarily be limited, as is here admitted, to an ultra vires act in acquiring property outside the city limits for the purpose of a street, and which, being purely a question of law, must necessarily be solved as we have pointed out. Our disposition of the matter, as thus arrived at, would seem to make further discussion of the numerous questions considered by the briefs unnecessary.

The judgment of the district court is therefore affirmed; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.